# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 08-04876-JW |
| | Chapter 13 |
| Michael Brian Preedy and Tricia Elizabeth Preedy, | **ORDER** |
| Debtor(s). | |

This matter is before the Court on the Motion to Have Court Issue an Order to Satisfy a Debt Dealt with in Debtors' Plan of Reorganization ("Motion"), filed by Michael Brian Preedy and Tricia Elizabeth Preedy ("Debtors"). This Court has jurisdiction pursuant to 28 U.S.C. § 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K), and (O). Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 7052, the Court makes the following findings of fact and conclusions of law:

## **FINDINGS OF FACT**

1.    Debtors filed a petition for relief under chapter 13 of the Bankruptcy Code on August 13, 2008.

2.    Debtors filed schedules with their petition, which listed ownership of real property at 179 Old Beech Hill Road in Ridgeville, South Carolina, valued at $110,000 and encumbered by first and second mortgages held by Beneficial Mortgage Co. of South Carolina ("Beneficial Mortgage"). The first mortgage had a principal balance of $114,009.25. The second mortgage was listed as having a principal balance of $22,481.19.[1]

---

[1] The second mortgage was executed by Debtors on September 25, 2006 and was recorded on October 9, 2006 in the office of the Dorchester County Register of Deeds in Book 5634 at page 338.

3. On August 13, 2008, Debtors filed their chapter 13 plan, which included a motion to value Beneficial Mortgage's second mortgage at $0 in accordance with S.C. Local Bankruptcy Rule 3015-1. Notice of the motion to value was conspicuously provided on the first page of the plan and provided that Beneficial Mortgage had twenty-five days to respond to the valuation. The plan was served on Beneficial Mortgage, and Beneficial Mortgage did not object to confirmation.

4. Debtors' plan was confirmed on September 12, 2008. Beneficial Mortgage was served with a copy of the order confirming plan. The order confirming plan provides: "Pursuant to 11 U.S.C. § 506(a), the court hereby values those secured claims set forth in the confirmed plan at the amounts set forth in the confirmed plan or by separate order and voids those liens to the extent permitted by 11 U.S.C. § 506(d), § 1325(a), and applicable law."

5. On October 10, 2008, Beneficial Mortgage filed a proof of claim in the case, asserting a secured claim of $22,471.54.

6. Beneficial Mortgage did not seek modification of the confirmed plan or relief from the confirmation order.

7. Debtors completed payments due under the confirmed plan and received a chapter 13 discharge on September 28, 2012.

8. Beneficial Mortgage has made no efforts to release or satisfy the second mortgage, and the second mortgage remains an encumbrance on the title to Debtors' property.

9. Debtors filed the Motion seeking satisfaction of the second mortgage on March 11, 2019 and served the Motion on Beneficial Mortgage and its successors-in-

interest through their registered agents, CT Corporation System and The Corporation Trust Company.[2]

10.    Beneficial Mortgage did not respond to the Motion and did not appear at the hearing on the Motion on June 6, 2019. Debtors have not been contacted by Beneficial Mortgage or its successors or assigns since they filed their chapter 13 case.

## CONCLUSIONS OF LAW

Based upon the record of the case, Debtors properly moved to value the second mortgage lien on their residence. The Court finds that Beneficial Mortgage was properly served with notice of the motion to value the second mortgage at $0 in the plan and the lien was duly voided by virtue of the plan provision, the confirmation order, and 11 U.S.C. § 506(d). The confirmation order is binding on Beneficial Mortgage and any successors pursuant to 11 U.S.C. § 1327. Since Debtors completed this case, the indebtedness represented by the lien, if any, was discharged by the discharge order (attached as Exhibit A) and the lien is not subject to reinstatement pursuant to 11 U.S.C. § 349(b). Nevertheless, the recorded second mortgage still encumbers the title to Debtors' property to their detriment and interferes with the fresh start provided by the discharge. In order to effectuate the voiding of the second mortgage lien, the recorded mortgage must be marked void or canceled or otherwise removed from the mortgage records by the Registrar of Deeds, as the custodian of the public records for Dorchester County. Accordingly, **the Court orders the Dorchester County Registrar of Deeds to observe the confirmation order entered by this Court and mark as void or otherwise cancel**

---

[2] Beneficial Mortgage is no longer in existence as a result of a merger, as reflected in the records of the South Carolina Secretary of State. The surviving entity is known as Beneficial South Carolina, Inc., which is no longer an active entity in South Carolina. Its registered agent for service of process is The Corporation Trust Company. It appears that Beneficial South Carolina, Inc. is now a subsidiary of HSBC Finance Corporation and that CT Corporation System is its registered agent for service of process.

**the second mortgage granted to Beneficial Mortgage and recorded against the property at 179 Old Beech Hill Road in Ridgeville, South Carolina, on October 9, 2006 in the office of the Dorchester County Register of Deeds in Book 5634 at page 338.** Debtor shall serve a copy of this Order on Beneficial Mortgage and the Dorchester County Registrar of Deeds.

        **AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**06/26/2019**



Entered: 06/26/2019

*/s/ John E. Waites*
US Bankruptcy Judge
District of South Carolina

**EXHIBIT A**

**Form 194BNC**  (Revised 12/01/2007)

**United States Bankruptcy Court – District of South Carolina**
J. Bratton Davis United States
Bankruptcy Courthouse
1100 Laurel Street
Columbia, SC 29201–2423

Case Number: 08–04876–jw                     Chapter: 13

**In re:** *(Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address)*

| | |
|---|---|
| Michael Brian Preedy | Tricia Elizabeth Preedy |
| 179 Old Beech Hill Raod | aka Tricia Schopfer |
| Ridgeville, SC 29472 | 179 Old Beech Hill Raod |
| | Ridgeville, SC 29472 |
| Last four digits of Social Security or other Individual Taxpayer No(s)(if any): xxx–xx–7462 | Last four digits of Social Security or other Individual Taxpayer No(s)(if any): xxx–xx–1178 |

**Entered By The Court**
**9/28/12**

**Discharge of Debtor After Completion of Chapter 13 Plan**

**Filed By The Court**
**9/28/12**
**L. Jefferson Davis IV (Acting)**
**Clerk of Court**
**US Bankruptcy Court**

It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:**

The debtor is granted a discharge under section 1328(a) of title 11, United States Code, (the Bankruptcy Code).

Columbia, South Carolina
September 28, 2012
Document 37

*/s/ John E Waites*

Chief United States Bankruptcy Judge

SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION

**EXPLANATION OF BANKRUPTCY DISCHARGE
IN A CHAPTER 13 CASE**

This court order grants a discharge to the person named as the debtor after the debtor has completed all payments under the chapter 13 plan. It is not a dismissal of the case.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a discharged debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:]* [There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the discharged debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The Chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt is provided for by the chapter 13 plan or is disallowed by the court pursuant to section 502 of the Bankruptcy Code.

**Debts that are Not Discharged.**

Some of the common types of debts which are not discharged in a chapter 13 bankruptcy case are:

a. Domestic support obligations;
b. Debts for most student loans;
c. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;
d. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;
e. Debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual (in a case filed on or after October 17, 2005);
f. Debts provided for under section 1322(b)(5) of the Bankruptcy Code and on which the last payment is due after the date on which the final payment under the plan was due;
g. Debts for certain consumer purchases made after the bankruptcy case was filed if prior approval by the trustee of the debtor's incurring the debt was practicable but was not obtained;
h. Debts for certain taxes to the extent not paid in full under the plan (in a case filed on or after October 17, 2005) and;
i. Some debts which were not properly listed by the debtor (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**